[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10271
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20665-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY JAMES BAKER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 27, 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

After a jury trial, George Baker appeals his convictions for attempted carjacking, in violation 18 U.S.C. § 2119(1), and for brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  On appeal, Baker argues that insufficient evidence exists to support his convictions.  No reversible error has been shown; we affirm.

We review de novo the sufficiency of the evidence to sustain a conviction, construing the evidence "in the light most favorable to the government" and "resolving all reasonable inferences in favor of the verdict."  United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010).  "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  Id.  "[W]e assume that the jury made all credibility choices in support of the verdict."  United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009).

To obtain a conviction for carjacking under 18 U.S.C. § 2119, "the government must prove that the defendant (1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of

2

another (5) by force and violence or intimidation." United States v. Diaz, 248 F.3d 1065, 1096 (11th Cir. 2001). "The intent requirement of § 2119 is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." Holloway v. United States, 119 S. Ct. 966, 972 (1999).

Because Baker was charged with attempted carjacking, the government need only show that Baker "had the specific intent to engage in criminal conduct and that he took a substantial step toward commission of the offense." See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1369 (11th Cir. 1994).

On appeal, Baker argues that the evidence is insufficient to prove either that he intended to steal the victim's car or that he intended to harm seriously or to kill the victim. If his attempted carjacking conviction is unsupported by sufficient evidence, Baker contends his conviction for brandishing a gun during that offense must also be vacated.

Viewing the evidence in the light most favorable to the government, sufficient evidence exists from which a reasonable trier of fact could find beyond a reasonable doubt that Baker was guilty of both offenses. Evidence introduced at trial shows -- and Baker does not dispute -- that, on the night of the alleged carjacking, Baker entered the backseat of a van in which two men were sitting,

3

pointed a gun at the men, and said "give me everything you got." After taking the victims' cellphones and money, Baker led the victims (still at gunpoint) inside a house. One of the victims testified that Baker threatened verbally to kill them if they failed to cooperate. Once inside, Baker ordered the victims to get on their knees as Baker searched for more cash.

After leading the victims back out of the house, Baker locked one of the victims inside the van. Baker then asked the second victim about the silver Infiniti sedan that was parked inside the house's fenced-in yard. While pointing the gun at the victim, Baker demanded the keys to the Infiniti. The victim testified that he gave Baker the car keys. Baker then walked the victim to the gate leading to the area where the car was parked. Baker continued to point his gun at the back of the victim's head and threatened to shoot the victim if he did not do as he was told. Baker also hit the victim with the gun to prevent the victim from turning around. Baker then opened the gate. Shortly after the gate was opened, the victim managed to tackle and to subdue Baker. Baker was arrested on the scene.

In the light of this evidence, a reasonable jury could have found that -- when Baker demanded the car keys and led the victim toward the gate -- Baker intended to steal the victim's car and intended, if necessary, to use violence against the victim if he resisted. Because sufficient evidence supports a finding that Baker had

4

the requisite intent to commit a carjacking offense, and because Baker took a "substantial step" toward that offense, we will not reverse the jury's verdict.

AFFIRMED.